

DANIEL B. RAPPORT
drapport@fklaw.com
212.833.1122

October 18, 2021

**BY EMAIL & ECF**

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12A
New York, New York 10007-1312

    Re: *Aurelius Capital Master, Ltd. v. The Republic of Argentina*,
       No. 19 Civ. 351 (LAP) (S.D.N.Y.)

       *Adona LLC, et al., v. The Republic of Argentina*,
       No. 19 Civ. 11338 (LAP) (S.D.N.Y.)

       *Novoriver S.A. v. Argentine Republic*,
       No. 19 Civ. 9786 (LAP) (S.D.N.Y.)

       *ACP Master, Ltd. v. The Republic of Argentina*,
       No. 19 Civ. 10109 (LAP) (S.D.N.Y.)

       *683 Capital Partners, LP v. The Republic of Argentina*,
       No. 19 Civ. 10131 (LAP) (S.D.N.Y.)

Dear Judge Preska:

    We write on behalf of all plaintiffs in the above-referenced actions (collectively, "Plaintiffs"), which have been coordinated for discovery. Pursuant to Rule 2.A of Your Honor's Individual Practices and SDNY Local Rule 37.2, Plaintiffs respectfully request an informal pre-motion discovery conference to address a discovery-related dispute pertaining to ████████████████████████████████████████████████.

    Specifically, Plaintiffs intend to seek an order compelling the Republic of Argentina (the "Republic") to produce the exhibits to the Fourth Witness Statement of Joseph E. Neuhaus (the "Neuhaus Statement," attached hereto as Exhibit A). The Republic submitted the Neuhaus Statement to the U.K. High Court of Justice in litigation relating to the UK-law GDP Warrants, *Palladian Partners LLP et al. v. The Republic of Argentina et al.*, FL-2019-000010 (the "UK Litigation"). ████████████████████████████████████████████████████████████████████████████████ The Republic has provided Plaintiffs with the Neuhaus Statement, but refuses to provide the exhibits integral thereto.

Hon. Loretta A. Preska                              - 2 -                            October 18, 2021

       For context, on April 26, 2021 Your Honor entered an order setting the discovery schedule in these cases, with document production supposed to end on December 15, 2021, just two months from now. We know from another document filed in the UK Litigation that the Republic's counsel had been aware of the document-preservation problems at least since January 19, 2021 if not much earlier.

       The Neuhaus Statement was filed in the UK Litigation on May 27, 2021. The statement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ only came to Plaintiffs' attention because they were monitoring the UK Litigation. Plaintiffs thereupon requested the Neuhaus Statement from the Republic. The Republic provided the Neuhaus Statement *without exhibits* to the Plaintiffs on August 6, 2021. The Plaintiffs have repeatedly but unsuccessfully sought the exhibits since then.



       In fact, the Republic was on notice of the claims asserted in these actions years before these actions commenced. For example, on September 25, 2017, the Aurelius Plaintiffs provided the Republic's Secretary of Finance, in the Ministry of Finance (the "Ministry"), a six-page letter (Exhibit B hereto) meticulously setting forth the basis of the claims, inviting a consensual resolution thereof, and indicating that the claims would be asserted in court if not settled first. In an email on October 3, 2017, the Secretary confirmed receipt of the letter and stated, "We have been reading into the details of the calculation you ran and the interpretation of the docs [sic] you made. We hope to be able to come back to you shortly." (Exhibit C hereto.) They never did.

       Despite this history, and despite the Republic's extensive experience with litigation in U.S. federal courts, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Hon. Loretta A. Preska — 3 — October 18, 2021



There is no dispute that INDEC and the Ministry are key sources of information regarding the Republic's conduct, specifically its alleged breach of its contractual obligations and its alleged bad faith in failing to ensure that INDEC published Actual Real GDP in 1993 prices for 2013. The Republic has acknowledged that back up tapes from the Ministry would have been appropriate sources of documents and information relevant to these matters if they still existed and, similarly, Plaintiffs have requested GDP data from INDEC for the purpose of showing what 2013 Actual Real GDP in 1993 prices would have been if INDEC had published that contractually-required input. The unavailability of such documents and data ▮▮▮▮ could materially prejudice Plaintiffs in these matters. Plaintiffs are seeking discovery and otherwise exploring these issues and may seek adverse inferences or other relief against the Republic at the appropriate time due to ▮▮▮▮.

Notwithstanding its reliance on the Neuhaus Statement in these actions (it has been provided to Plaintiffs to explain the discovery protocols the Republic intends to follow in searching for documents), the Republic has refused to provide Plaintiffs with the exhibits to that statement—▮▮▮▮ (See Exhibit A ¶¶ 14, 15.1, 17.) The Republic's position is baseless, and these exhibits should have been provided to Plaintiffs as a matter of course. Plaintiffs are plainly entitled to examine the exhibits relied on and cited by Mr. Neuhaus to evaluate the *bona fides* of the assertions in the body of Neuhaus Statement and to understand the factual circumstances regarding ▮▮▮▮. Moreover, the exhibits are integral parts of the Neuhaus Statement, and nothing entitles the Republic to provide part of the document. Nothing in the Federal Rules supports the Republic's "just trust us" approach to disclosure.

The Republic has withheld the exhibits based on what it contends are restrictions imposed by UK law. The authorities cited by the Republic all concern a court's authority to grant public access to court files.[2] None prevents a party from providing its own materials to whomever it wants. All of the exhibits to the Neuhaus Statement seem to have come from the Republic's own files, and to the extent any came from the files of the UK

---

[1] These discovery lapses are also described in other UK discovery protocol materials the Republic has provided to Plaintiffs. See Ex D, at 11, 14; Ex. E.

[2] See *British Arab Bank v. Algosaibi Trading Services* [2011] EWHC 1817 (Comm), and *Dring v. Cape Intermediate Holdings Ltd.* [2018] EWCA Civ 1795; [2019] 1 WLR 479, copies of which are attached hereto as, respectively, Exhibits F and G.

Hon. Loretta A. Preska                               - 4 -                                    October 18, 2021

claimants, they have consented to Plaintiffs receiving the exhibits.[3]  The only thing standing in the way at this point is the Republic's own recalcitrance.

        Plaintiffs are available to participate in a conference at the Court's convenience.

Respectfully submitted,

*s/ Daniel B. Rapport*
Daniel B. Rapport

Enclosures

cc:     Chambers (by email)
       All counsel of record in the GDP Actions (by ECF and email)

---

[3] Further, the Republic agreed to provide Plaintiffs with its productions in the UK Litigation.