February 20, 2023

BY EMAIL AND ECF

Hon. Loretta A. Preska
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12A
New York, New York 10007-1312

        Re:    *Aurelius Capital Master, Ltd. v. The Republic of Argentina*,
No. 19 Civ. 351 (LAP) (S.D.N.Y.);

*Novoriver S.A. v. Argentine Republic*,
No. 19 Civ. 9786 (LAP) (S.D.N.Y.);

*ACP Master, Ltd. v. The Republic of Argentina*,
No. 19 Civ. 10109 (LAP) (S.D.N.Y.)

*683 Capital Partners, LP v. The Republic of Argentina*,
No. 19 Civ. 10131 (LAP) (S.D.N.Y.)

*Adona LLC, Egoz I LLC, Egoz II LLC, Mastergen, LLC, Erythrina, LLC, AP 2016 1, LLC, AP 2014 3A, LLC, AP 2014 2, LLC, and WASO Holding Corp. v. The Republic of Argentina*,
No. 19 Civ. 11338 (LAP) (S.D.N.Y.);

Dear Judge Preska:

        The parties in the above-referenced cases write jointly to report to the Court in advance of the February 22 conference as to the status of the cases, and to advise the Court of one disagreement between Plaintiffs and Defendant as to which we would appreciate the Court's guidance.

        With respect to status of the cases, the parties agree that there are no further discovery proceedings to be pursued, other than certain outstanding letter rogatory requests filed by Plaintiffs as to which counsel cannot predict the ultimate timing or outcome as to the appearance of witnesses overseas (and the parties reserve their rights as to spoliation and updating).

        The parties' disagreement relates to subsequent proceedings in these cases. The respective positions are summarized below.

3710931.1

Hon. Loretta A. Preska - 2 - February 20, 2023

**Plaintiffs.**  Because trial in these cases will be a bench trial, Plaintiffs believe that it would be most efficient simply to proceed to trial without the delay and burdens of summary judgment motions.  On the other hand, if summary judgment motions are going to be filed, Plaintiffs believe that summary judgment should be granted in their favor.  The meaning of the governing contract, including the Adjustment Provision, is clear.  The Republic has denied Plaintiffs the payments for 2013 they are due with no legitimate basis, invoking an improper modification and/or misinterpretation of the contract.  Moreover, by its improper acts and omissions, and by claiming a discretion it does not have, the Republic has breached the implied covenant of good faith and fair dealing.

**Defendant.**  Plaintiffs want to deny the Republic the opportunity to move for summary judgment on the theory that an immediate trial will be more "efficient."  That is incorrect.  The Court should instead grant summary judgment to the Republic because, after years of discovery, Plaintiffs cannot raise triable issues over (1) the Republic's determination that no payment was due for Reference Year 2013, or (2) the good faith production of GDP data used in making that determination.  Moreover, discovery has shown that Plaintiffs did not follow the contractual requirements for bringing suit, including acquiring all of the claims on which they purport to sue when they purchased their securities.  Resolving these dispositive issues at summary judgment will avoid a lengthy and expensive trial of at least four weeks, involving testimony from over a dozen witnesses, many of whom would travel from Argentina or other non-U.S. locations and would testify in Spanish (requiring translation).  At a minimum, the Court's rulings on summary judgment will narrow the scope of any trial.

\* \* \* \*

The parties have discussed scheduling with respect to these proceedings, and believe that whatever path is followed, the parties will be able to promptly submit an agreed-upon schedule, subject to approval of the Court.

The parties are available to discuss these matters, and any other matters on the Court's agenda, at the February 22 conference or otherwise at the Court's convenience.

3710931.1

Hon. Loretta A. Preska - 3 - February 20, 2023

Respectfully submitted,

| | |
|---|---|
| *s/ Edward A. Friedman*<br>Edward A. Friedman<br>FRIEDMAN KAPLAN SEILER &<br>   ADELMAN LLP<br>7 Times Square<br>New York, NY  10036-6516<br>(212) 833-1100<br><br>*Counsel for Plaintiffs Aurelius Capital Master, Ltd. and ACP Master, Ltd.* | *s/ Robert J. Giuffra, Jr.*<br>Robert J. Giuffra, Jr.<br>Sergio J. Galvis<br>Amanda F. Davidoff<br>Thomas C. White<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>(212) 558-4000<br><br>*Counsel for Defendant The Republic of Argentina* |
| *s/ Matthew S. Salerno*<br>Christopher J. Clark<br>Matthew S. Salerno<br>Ryan Schachne<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, New York  10020<br>(212) 906-1200<br><br>*Counsel for Plaintiffs Adona LLC, Egoz I LLC, Egoz II LLC, Mastergen, LLC, Erythrina, LLC, AP 2016 1, LLC, AP 2014 3A, LLC, AP 2014 2, LLC, and WASO Holding Corporation* | *s/ Evan A. Kubota*<br>Javier Bleichmar<br>Evan A. Kubota<br>BLEICHMAR FONTI & AULD LLP<br>7 Times Square, 27th Floor<br>New York, New York  10036<br>(212) 789-1341<br><br>*Counsel for Plaintiff Novoriver S.A.* |
| *s/ Matthew M. Riccardi*<br>Matthew M. Riccardi<br>H. Rowan Gaither IV<br>Jacob Taber<br>PERKINS COIE LLP<br>1155 Avenue of the Americas, 22nd Floor<br>New York, New York  10036-2711<br>(212) 530-1800<br><br>*Counsel for Plaintiff 683 Capital Partners, LP* | |

cc:  All counsel of record (by ECF)

3710931.1