May 1, 2023

<u>BY EMAIL AND ECF</u>

Hon. Loretta A. Preska
United States District Court
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12A
New York, New York 10007-1312

      Re:    <u>*Aurelius Capital Master, Ltd. v. The Republic of Argentina*</u>,
No. 19 Civ. 351 (LAP) (S.D.N.Y.);

<u>*Novoriver S.A. v. Argentine Republic*</u>,
No. 19 Civ. 9786 (LAP) (S.D.N.Y.);

<u>*ACP Master, Ltd. v. The Republic of Argentina*</u>,
No. 19 Civ. 10109 (LAP) (S.D.N.Y.);

<u>*683 Capital Partners, LP v. The Republic of Argentina*</u>,
No. 19 Civ. 10131 (LAP) (S.D.N.Y.);

<u>*Adona LLC, Egoz I LLC, Egoz II LLC, Mastergen, LLC, Erythrina, LLC, AP 2016 1, LLC, AP 2014 3A, LLC, AP 2014 2, LLC, and WASO Holding Corp. v. The Republic of Argentina*</u>,
No. 19 Civ. 11338 (LAP) (S.D.N.Y.);

<u>*Ape Group SPA, Romano Consulting SPA, Icaro SRL, and Elazar Romano v. The Republic of Argentina*</u>,
No. 20 Civ. 10409 (LAP) (S.D.N.Y.).

Dear Judge Preska:

      We write on behalf of plaintiffs Aurelius Capital Master, Ltd. ("<u>Aurelius</u>"); Novoriver S.A. ("<u>Novoriver</u>"); ACP Master, Ltd. ("<u>ACP Master</u>"); 683 Capital Partners, LP ("<u>683 Capital</u>"), Adona LLC, Egoz I LLC, Egoz II LLC, Mastergen, LLC, Erythrina, LLC, AP 2016 1, LLC, AP 2014 3A, LLC, AP 2014 2, LLC, and WASO Holding Corporation (the "<u>Adona Plaintiffs</u>"); and Ape Group SpA, Romano Consulting SpA, Icaro SRL and Elazar Romano (the "<u>Ape Plaintiffs</u>" and, together with Aurelius, Novoriver, ACP Master, 683 Capital, and the Adona Plaintiffs, the "<u>Plaintiffs</u>"), in response to the Court's Order of April 17, 2023 (19 Civ. 351 Dkt. No. 138) (the "<u>April 17 Order</u>").

Hon. Loretta A. Preska — - 2 - — May 1, 2023

Defendant the Republic of Argentina (the "Republic") moved for summary judgment in the above-referenced actions on April 14, 2023. (19 Civ. 351 Dkt. Nos. 132, 134-37.) The Republic requested leave to file portions of its summary judgment motion papers, including certain specified exhibits, under seal because those materials were (or reflected) "Plaintiffs' produced documents and documents produced by third parties and designated Confidential under the Protective Order, as well as excerpted portions of Plaintiffs' expert reports and excerpted portions of deposition transcripts that Plaintiffs have designated Confidential under the Protective Order. (19 Civ. 351 Dkt. No. 133.) The Court's April 17 Order directed "[t]he persons or entities that designated the referenced materials as confidential [to] inform the Court of the basis for sealing by May 1, 2023."

Plaintiffs have reviewed the referenced materials that they designated as confidential[1] and respond to the April 17 Order as set forth below. Except for item 1, which represents the position of all Plaintiffs, each Plaintiff (or group of Plaintiffs) responds on its own behalf and takes no position as to the responses of any other Plaintiff. For the Court's convenience, the positions set forth in this letter are summarized in the charts attached hereto as **Appendix A**.

1. Materials designated by all Plaintiffs

    a. The Republic referenced expert reports and transcripts of depositions of expert witnesses that constitute or reflect materials designated as confidential by all Plaintiffs. Plaintiffs do not seek to maintain their confidentiality assertions as to these materials and consent to the unsealing of (i) Exhibit Nos. 11, 12, 13, 14 (except to the extent described in items 3(a)(i) and 5(c)(i)(1), below), 32, 33, 57, 99, 123, and 179 to the Giuffra Declaration.

    b. Likewise, Plaintiffs consent to the removal of the following redactions applied to the Republic's Brief and 56.1 Statement:

        i. Brief: page 5; page 11; page 35; pages 47-48; and page 49.

        ii. 56.1 Statement: ¶¶ 11-12, ¶¶ 30-36, ¶ 66, ¶¶ 73-78, ¶ 80, ¶ 85, ¶ 127, ¶ 134, ¶ 150, ¶ 155, ¶¶ 159-63, and ¶ 165.

---

[1] This letter does not address Exhibit Nos. 17, 22, 23, 25, 29, 34, 43, 44, 45, and 46 to the Declaration of Robert J. Giuffra, Jr. Declaration (the "Giuffra Declaration"). Those exhibits were designated as confidential by non-parties and the April 17 Order directed that "[t]o the extent the proponent is a third-party, the Republic shall notify the third-party of this order as soon as possible." Plaintiffs take no position as to the sealing of the foregoing exhibits or as to the corresponding references to those exhibits in the Republic's Memorandum of Law in support of its summary judgment motion (19 Civ. 351 Dkt. No. 136) (the "Brief") or in the Republic's Statement under Local Rule 56.1 filed in support of its summary judgment motion (Dkt. No. 137) (the "56.1 Statement").

3722086.1

2. <u>Materials designated by Aurelius and ACP Master</u>

   a. Aurelius and ACP Master consent to the unsealing of Exhibit Nos. 52, 53, 54, 56, 94, 100, 101, 104, 146, 169, and 170 to the Giuffra Declaration.

   b. Aurelius and ACP Master seek to maintain information in the column titled "Broker" in Exhibit No. 160 under seal. That column provides information about the identity and location of the various brokers with whom Aurelius and ACP Master have transacted with respect to the Republic's GDP Warrants. Aurelius's and ACP Master's relationships with their brokers—including how they allocated trading requests among their brokers—constitutes commercially sensitive information, just as any company's allocation of business among its various suppliers and vendors is commercially sensitive. Accordingly, it is appropriate to maintain the information in the "Broker" column under seal. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (Preska, J.) (sustaining redactions to summary judgment materials that were "limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

   c. Aurelius and ACP Master will submit a redacted version of Exhibit No. 160 if the Court grants their request to maintain this information under seal.

   d. Aurelius and ACP Master consent to the removal of the following redactions in the Republic's Brief and Rule 56.1 Statement:

      i. <u>Brief</u>: page 8, first paragraph; page 8, first sentence of second paragraph; pages 20-21, footnote 8; and page 22, footnote 9.

      ii. <u>56.1 Statement</u>: ¶ 72 (other than the citation to Exhibit No. 55), ¶¶ 124-26, ¶ 134, ¶¶ 169-71, ¶ 176, ¶¶ 195-96, ¶ 214, ¶ 216, and ¶ 217.

3. <u>Materials designated by Novoriver</u>

   a. Novoriver seeks to maintain the following materials under seal:

      i. Exhibit No. 14 to the Giuffra Declaration, footnote 62, the penultimate sentence (beginning "Antilio [sic]").

Hon. Loretta A. Preska                                    - 4 -                                        May 1, 2023

    ii. Exhibit No. 133 to the Giuffra Declaration, lines 16:15-17:20, lines 19:5-10, and the corresponding portions of the errata sheet.

    iii. The Republic's Brief, footnote 22, the last word in line 2 and first two words in line 3.

    iv. The Republic's Rule 56.1 Statement, in paragraph 172, the first two words of the third line, and in paragraph 197, the remainder of the sentence after "Uruguay."

Sealing this information is narrowly tailored and warranted. The information is non-public and concerns the ownership and control of Novoriver. Information such as the "[f]inancial records of a wholly owned business" is "traditionally considered private rather than public," which "weigh[s] more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Novoriver's privacy interest in protecting its proprietary information outweighs the presumption of public access.

Moreover, the information—which comprises only about one page of testimony and a few words among hundreds of pages of the Republic's filings—has no bearing on the adjudication of the parties' substantive rights or the public's ability to assess the issues at summary judgment. This Court has granted sealing of information regarding a private company's "profits and losses, and the structure of its finances," recognizing that this information "is confidential and should remain so," and "is not particularly relevant to the performance of the judicial function." *Range v. 230 W. 41st St. LLC*, Case No.: 1:17-cv-00149-LAP, Dkt. No. 91 (S.D.N.Y. Feb. 13, 2020) (Preska, J.). The same result is warranted here.

4. <u>Materials designated by 683 Capital</u>

    a. 683 Capital consents to the unsealing of Exhibit Nos. 103, 107, 148, 161, 162, 163, 164, 165, and 166 to the Giuffra Declaration.

5. <u>Materials designated by the Adona Plaintiffs</u>

    a. The Adona Plaintiffs consent to the unsealing of Exhibit Nos. 102, 105, 106, 108, 110, 135, 136, and 167 to the Giuffra Declaration.

    b. The Adona Plaintiffs respectfully request that Exhibit No. 168 to the Giuffra Declaration remain under seal. This exhibit contains confidential and sensitive commercial information that is not

3722086.1

Hon. Loretta A. Preska - 5 - May 1, 2023

publicly available, including information concerning the methods, modeling, and analysis of an advisor's proprietary research and research from third parties that have not consented to its public disclosure. *See New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("Internal documents and unpublished drafts that contain non-public strategies and financial information constitute 'confidential commercial information'[.]").

c. The Adona Plaintiffs respectfully request that Exhibit No. 55 to the Giuffra Declaration be redacted solely to maintain under seal the name and email address of the sender of the email and the individual on the "cc" line with the last name beginning with "C." These redactions are to protect further intrusion into the privacy rights (names and email addresses) of non-parties not relevant to this matter, and also protect sensitive business information that may otherwise be revealed through disclosure.[2] These redactions are consistent with this Court's February 15, 2022 ruling allowing redaction of irrelevant personal information not germane to the case.

   1. For the same reasons, the Adona Plaintiffs seek to redact the name of the sender of this email as it appears on the fourth line of footnote 45 of Exhibit No. 14.

d. The Adona Plaintiffs respectfully request that Exhibit Nos. 150, 152, 154, 156, 158, and 171 to the Giuffra Declaration be narrowly redacted to maintain under seal (i) individualized pricing information with respect to specific purchases or assignments of the GDP Warrants (*i.e.*, information under chart columns "Price" and "Dollar Amount", and the assignment dollar value, which is not currently at issue in this case and discloses non-public acquisition pricing and strategy, and (ii) confidential ownership structures and purchasing entities not at issue in this case and that maintain other investments not related to this case. Such information is not publicly available and provides insight into nonparty business strategy with respect to structuring investments. This Court has acknowledged a party's right to shield business information and strategies the disclosure of which "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier*, 97 F. Supp. 3d at 511.

---

[2] Exhibit No. 55 is also subject to a claw back request to the Republic to implement similar redactions (except keeping the full name of the sender).

Hon. Loretta A. Preska            - 6 -                    May 1, 2023

      e. The Adona Plaintiffs will submit redacted versions of Exhibit Nos. 55, 150, 152, 154, 156, 158, and 171 if the Court grants their request to maintain this information under seal.

6. <u>Materials designated by the Ape Plaintiffs</u>

      a. The Ape Plaintiffs consent to the unsealing of Exhibit No. 109 to the Giuffra Declaration.

\*     \*     \*     \*

Plaintiffs are available to discuss these matters, and any other matters on the Court's agenda, at the Court's convenience.

Respectfully submitted,

| | |
|---|---|
| _s/ Edward A. Friedman_<br>Edward A. Friedman<br>FRIEDMAN KAPLAN SEILER<br>   ADELMAN & ROBBINS LLP<br>7 Times Square<br>New York, NY 10036-6516<br>(212) 833-1100<br><br>_Counsel for Plaintiffs Aurelius Capital Master, Ltd. and ACP Master, Ltd._ | _s/ Evan A. Kubota_<br>Javier Bleichmar<br>Evan A. Kubota<br>BLEICHMAR FONTI & AULD LLP<br>7 Times Square, 27th Floor<br>New York, New York 10036<br>(212) 789-1341<br><br>_Counsel for Plaintiff Novoriver S.A._ |
| _s/ Matthew M. Riccardi_<br>Matthew M. Riccardi<br>H. Rowan Gaither IV<br>Jacob Taber<br>PERKINS COIE LLP<br>1155 Avenue of the Americas, 22nd Floor<br>New York, New York 10036-2711<br>(212) 530-1800<br><br>_Counsel for Plaintiff 683 Capital Partners, LP_ | _s/ Matthew S. Salerno_<br>Christopher J. Clark<br>Matthew S. Salerno<br>Ryan Schachne<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, New York 10020<br>(212) 906-1200<br><br>_Counsel for Plaintiffs Adona LLC, Egoz I LLC, Egoz II LLC, Mastergen, LLC, Erythrina, LLC, AP 2016 1, LLC, AP 2014 3A, LLC, AP 2014 2, LLC, and WASO Holding Corporation_ |

3722086.1

Hon. Loretta A. Preska — - 7 - — May 1, 2023

   *s/ Eric J. Grannis*
Eric J. Grannis

LAW OFFICES OF ERIC J. GRANNIS
11 Broadway, Suite 615
New York, New York 10004
Telephone: (212) 903-1025

*Counsel for Plaintiffs Ape Group SpA, Romano Consulting SpA, Icaro SRL and Elazar Romano*

cc:  All counsel of record (by ECF)

# APPENDIX A

## I. Exhibits to the Giuffra Declaration

| Exhibit No. | Designating Party/Parties | Designating Party's Position as to Sealing/Redaction |
|---|---|---|
| 11 | All Plaintiffs | Consent to unseal |
| 12 | All Plaintiffs | Consent to unseal |
| 13 | All Plaintiffs | Consent to unseal |
| 14 | All Plaintiffs | Seek to redact in part; otherwise consent to unseal |
| 17 | Non-party | No position |
| 22 | Non-party | No position |
| 23 | Non-party | No position |
| 25 | Non-party | No position |
| 29 | Non-party | No position |
| 32 | All Plaintiffs | Consent to unseal |
| 33 | All Plaintiffs | Consent to unseal |
| 34 | Non-party | No position |
| 43 | Non-party | No position |
| 44 | Non-party | No position |
| 45 | Non-party | No position |
| 46 | Non-party | No position |
| 52 | Aurelius and ACP Master | Consent to unseal |
| 53 | Aurelius and ACP Master | Consent to unseal |
| 54 | Aurelius and ACP Master | Consent to unseal |
| 55 | Adona Plaintiffs | File in redacted form |

Hon. Loretta A. Preska        - 9 -        May 1, 2023

| Exhibit No. | Designating Party/Parties | Designating Party's Position as to Sealing/Redaction |
|---|---|---|
| 56 | Aurelius and ACP Master | Consent to unseal |
| 57 | All Plaintiffs | Consent to unseal |
| 94 | Aurelius and ACP Master | Consent to unseal |
| 99 | All Plaintiffs | Consent to unseal |
| 100 | Aurelius and ACP Master | Consent to unseal |
| 101 | Aurelius and ACP Master | Consent to unseal |
| 102 | Adona Plaintiffs | Consent to unseal |
| 103 | 683 Capital | Consent to unseal |
| 104 | Aurelius and ACP Master | Consent to unseal |
| 105 | Adona Plaintiffs | Consent to unseal |
| 106 | Adona Plaintiffs | Consent to unseal |
| 107 | 683 Capital | Consent to unseal |
| 108 | Adona Plaintiffs | Consent to unseal |
| 109 | Ape Plaintiffs | Consent to unseal |
| 110 | Adona Plaintiffs | Consent to unseal |
| 123 | All Plaintiffs | Consent to unseal |
| 133 | Novoriver | File in redacted form |
| 135 | Adona Plaintiffs | Consent to unseal |
| 136 | Adona Plaintiffs | Consent to unseal |
| 146 | Aurelius and ACP Master | Consent to unseal |
| 148 | 683 Capital | Consent to unseal |
| 150 | Adona Plaintiffs | File in redacted form |

3722086.1

Hon. Loretta A. Preska - 10 - May 1, 2023

| Exhibit No. | Designating Party/Parties | Designating Party's Position as to Sealing/Redaction |
|---|---|---|
| 152 | Adona Plaintiffs | File in redacted form |
| 154 | Adona Plaintiffs | File in redacted form |
| 156 | Adona Plaintiffs | File in redacted form |
| 158 | Adona Plaintiffs | File in redacted form |
| 160 | Aurelius and ACP Master | Seek to redact in part; otherwise consent to unseal |
| 161 | 683 Capital | Consent to unseal |
| 162 | 683 Capital | Consent to unseal |
| 163 | 683 Capital | Consent to unseal |
| 164 | 683 Capital | Consent to unseal |
| 165 | 683 Capital | Consent to unseal |
| 166 | 683 Capital | Consent to unseal |
| 167 | Adona Plaintiffs | Consent to unseal |
| 168 | Adona Plaintiffs | Maintain under seal |
| 169 | Aurelius and ACP Master | Consent to unseal |
| 170 | Aurelius and ACP Master | Consent to unseal |
| 171 | Adona Plaintiffs | File in redacted form |
| 179 | All Plaintiffs | Consent to unseal |

3722086.1

## II. Redactions Applied to the Republic's Brief

| Redaction | Party/Parties Whose Designated Material is Referenced | Designating Party's Position as to Redaction |
|---|---|---|
| Page 5 | All Plaintiffs | Consent to remove redaction |
| Page 8, redaction in first full paragraph | Aurelius and ACP Master | Consent to remove redaction |
| Page 8, redaction in first sentence of second full paragraph | Aurelius and ACP Master<br><br>Adona Plaintiffs | Consent to remove redaction<br><br>Consent to remove redaction |
| Page 8, redaction in second sentence of second full paragraph | Aurelius and ACP Master<br><br>683 Capital<br><br>Adona Plaintiffs | Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction |
| Page 11 | All Plaintiffs<br><br>Aurelius and ACP Master<br><br>Novoriver<br><br>Adona Plaintiffs | Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction |
| Pages 20-21, footnote 8 | Aurelius and ACP Master | Consent to remove redaction |
| Page 22, footnote 9 | Non-party<br><br>Aurelius and ACP Master | No position<br><br>Consent to remove redaction |
| Page 27, footnote 13 | Adona Plaintiffs | Consent to remove redaction |
| Page 35, body paragraph | All Plaintiffs<br><br>Aurelius and ACP Master<br><br>683 Capital<br><br>Adona Plaintiffs<br><br>Ape Plaintiffs | Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction |

Hon. Loretta A. Preska - 12 - May 1, 2023

| Redaction | Party/Parties Whose Designated Material is Referenced | Designating Party's Position as to Redaction |
|---|---|---|
| Page 35, footnote 18 | All Plaintiffs | Consent to remove redaction |
| Page 43, footnote 22, first sentence | Novoriver | Seek to redact in part; otherwise consent to remove redaction |
| Page 43, footnote 22, second sentence | Adona Plaintiffs | Consent to remove redaction |
| Pages 47-48 | All Plaintiffs | Consent to remove redaction |
| Page 49 | All Plaintiffs | Consent to remove redaction |
| | Aurelius and ACP Master | Consent to remove redaction |
| | Novoriver | Consent to remove redaction |
| | Ape Plaintiffs | Consent to remove redaction |
| | Adona Plaintiffs | Consent to remove redaction |

## III. Redactions Applied to the Republic's 56.1 Statement

| Paragraph / Redaction | Party/Parties Whose Designated Material is Referenced | Designating Party's Position as to Sealing/Redaction |
|---|---|---|
| ¶ 11 | All Plaintiffs | Consent to remove redaction |
| ¶ 12 | All Plaintiffs | Consent to remove redaction |
| ¶ 20 | Non-party | No position |
| ¶ 21 | Non-parties | No position |
| ¶ 26 | Non-party | No position |
| ¶ 30 | All Plaintiffs | Consent to remove redaction |
| ¶ 31 | All Plaintiffs | Consent to remove redaction |
| ¶ 32 | All Plaintiffs | Consent to remove redaction |
| ¶ 33 | All Plaintiffs | Consent to remove redaction |
| ¶ 34 | All Plaintiffs | Consent to remove redaction |
| ¶ 35 | All Plaintiffs | Consent to remove redaction |
| ¶ 36 | All Plaintiffs | Consent to remove redaction |
| ¶ 39 | Non-party | No position |
| ¶ 63 | Non-parties | No position |
| ¶ 66 | All Plaintiffs | Consent to remove redaction |
| ¶ 72 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 73 | All Plaintiffs | Consent to remove redaction |
| ¶ 74 | All Plaintiffs | Consent to remove redaction |
| ¶ 75 | All Plaintiffs | Consent to remove redaction |
| ¶ 76 | All Plaintiffs | Consent to remove redaction |
| ¶ 77 | All Plaintiffs | Consent to remove redaction |

Hon. Loretta A. Preska — - 14 - — May 1, 2023

| Paragraph / Redaction | Party/Parties Whose Designated Material is Referenced | Designating Party's Position as to Sealing/Redaction |
|---|---|---|
| ¶ 78 | All Plaintiffs | Consent to remove redaction |
| ¶ 80 | All Plaintiffs | Consent to remove redaction |
| ¶ 85 | All Plaintiffs | Consent to remove redaction |
| ¶ 123 | Adona Plaintiffs | Never designated as confidential<br><br>Consent to remove redaction |
| ¶ 124 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 125 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 126 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 127 | All Plaintiffs | Consent to remove redaction |
| ¶ 134 | All Plaintiffs<br><br>Aurelius and ACP Master<br><br>683 Capital<br><br>Adona Plaintiffs<br><br>Ape Plaintiffs | Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction<br><br>Consent to remove redaction |
| ¶ 150 | All Plaintiffs | Consent to remove redaction |
| ¶ 155 | All Plaintiffs | Consent to remove redaction |
| ¶ 159 | All Plaintiffs | Consent to remove redaction |
| ¶ 160 | All Plaintiffs | Consent to remove redaction |
| ¶ 161 | All Plaintiffs | Consent to remove redaction |
| ¶ 162 | All Plaintiffs | Consent to remove redaction |
| ¶ 163 | All Plaintiffs | Consent to remove redaction |

| Paragraph / Redaction | Party/Parties Whose Designated Material is Referenced | Designating Party's Position as to Sealing/Redaction |
|---|---|---|
| ¶ 165 | All Plaintiffs | Consent to remove redaction |
| ¶ 169 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 170 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 171 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 172 | Novoriver | Seek to redact in part; otherwise consent to remove redaction |
| ¶ 173 | Ape Plaintiffs | Consent to remove redaction |
| ¶ 174 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 175 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 176 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 195 | Aurelius | Consent to remove redaction |
| ¶ 196 | ACP Master | Consent to remove redaction |
| ¶ 197 | Novoriver | Seek to redact in part; otherwise consent to remove redaction |
| ¶ 198 | 683 Capital | Consent to remove redaction |
| ¶ 199 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 200 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 201 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 202 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 203 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 204 | Ape Plaintiffs | Consent to remove redaction |

Hon. Loretta A. Preska - 16 - May 1, 2023

| Paragraph / Redaction | Party/Parties Whose Designated Material is Referenced | Designating Party's Position as to Sealing/Redaction |
|---|---|---|
| ¶ 213 (citation to Exhibit No. 160) | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 213 (remainder of paragraph) | Adona Plaintiffs | Maintain redaction |
| ¶ 214 | Aurelius<br><br>683 Capital | Consent to remove redaction |
| ¶ 215 | 683 Capital | Consent to remove redaction |
| ¶ 216 | Aurelius and ACP Master<br><br>Adona Plaintiffs | Consent to remove redaction |
| ¶ 217 | Aurelius and ACP Master | Consent to remove redaction |
| ¶ 218 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 219 | Novoriver<br><br>Ape Plaintiffs | Consent to remove redaction |
| ¶ 220 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 224 | Adona Plaintiffs | Consent to remove redaction |
| ¶ 225 | Adona Plaintiffs | Consent to remove redaction |